IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANIE LEIGH FOSKEY, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD G. RENDELL, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 07-1087<br><br>Judge Schwab<br>Magistrate Judge Caiazza |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A, and that the Plaintiff's Motion for a Temporary Restraining Order (Doc. 15) be denied.

### II. **REPORT**

The Plaintiff, Manie Leigh Foskey, III ("Foskey" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). Foskey is serving a life sentence imposed by the Court of Common Pleas of Beaver County on September 20, 1993 (Doc. 3, Unmarked Ex.).

Foskey commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the Commonwealth of Pennsylvania Penal Code is "ultra vires" and should be declared null and void by this Court. He seeks an order "requiring

defendants to arrange to discontinue plaintiff's forced confinement and a preliminary injunction requiring the defendants to carry out that plan." (Doc. 3, ¶12). He also seeks damages (Doc. 6, at 12,13).

A.  **Applicable law.**

This Court is required to review the Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to examine prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Foskey is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendants

-2-

are the Governor of Pennsylvania and the Attorney General of the Commonwealth of Pennsylvania. The Plaintiff has been granted permission to proceed in *forma pauperis*. (Doc. 5). Thus, Foskey's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

B. **Analysis**

Foskey cannot seek an order which will result in his release from state custody in a § 1983 action; a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). In Preiser v. Rodriguez, 411 U.S. 475, 500 (1972), a precursor of Heck, the Supreme Court rejected the premise that a person could circumvent federal habeas corpus

exhaustion requirements by merely seeking injunctive relief in a § 1983 action. Citing Preiser the court in Heck stated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. However, Preiser left open the question of whether an inmate may seek monetary relief in a § 1983 suit -without challenging the fact or duration of confinement.[1] Id. In Heck the Supreme Court settled this question by barring any § 1983 claim which would necessarily imply the invalidity of a conviction or sentence.

Here, Foskey cannot seek either an injunction, or damages, arising from his claim that the Pennsylvania Penal Code was not properly enacted. Foskey's sole remedy is to attack his conviction and/or sentence through a habeas corpus action.

### III   CONCLUSION

For the reasons set out in this Report it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A, and that the Plaintiff's Motion for a Temporary Restraining Order (Doc. 15) be

---

1. The Preiser decision may be sufficient to strike a deathblow to Foskey's case because he seeks from this court an order "requiring the defendants to arrange to discontinue plaintiff's forced confinement and a preliminary injunction requiring the defendants to carry out the plan." (Doc. 3, ¶ 12.

denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by October 5, 2007.

September 19, 2007

Francis X. Caiazza
United States Magistrate Judge

cc: Manie Leigh Foskey
    CE-0554
    P.O. Box 9999
    SCI Fayette
    LaBelle, PA 15450-0999